The relief described hereinbelow is SO ORDERED.

Signed October 02, 2007.



_____
ROBERT D. BERGER
United States Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

In re:

RICHARD W. THOMAS and            Case No. 06-21108
KATHY LEE THOMAS,                    Chapter 7
          Debtors.
_____

**MEMORANDUM OPINION AND ORDER DENYING
UNITED STATES TRUSTEE'S MOTION TO DISMISS OR CONVERT**

The United States Trustee's Motion to Dismiss Pursuant to Section 707(b)[1] is currently pending before the Court. The UST seeks dismissal first for presumed abuse under 11 U.S.C. §707(b)(2). The UST also seeks dismissal based on her allegation that the totality of the circumstances demonstrates abuse under 11 U.S.C. §707(b)(3). In this case, the "presumptive abuse" test depends on whether Debtors may deduct monthly car ownership allowances for two cars when they do not have car lease or loan payments. Having examined the statute and reviewed the pleadings, the Court concludes Debtors are entitled to claim vehicle ownership expenses even though Debtors do not have liens or leases that encumber their cars. As a result,

---

[1] Doc. No. 11.

07.10.02 Thomas.wpd

Debtors' case is not presumed abusive and the totality-of-the-circumstances test fails to establish abuse.

## Findings of Fact

Debtors filed for Chapter 7 relief on July 27, 2006. On the petition date, Debtors' Ford truck and Mercury minivan were not encumbered. Debtors are above-median income debtors. On their Statement of Current Monthly Income and Means Test Calculation ("Form B22A"), Debtors deducted monthly allowances of $471.00 and $332.00 for two cars as their monthly standard vehicle ownership expense. Debtors also deducted $25.00 for monthly educational expenses. Debtors' Form B22A indicates disposable income of $33.50 per month. With the car deductions, the presumption of abuse does not arise; however, if the deductions are removed, Debtors' filing is presumptively abusive.

## Conclusions of Law

**The Presumption-of-Abuse Test**

For debtors with above-median current monthly income ("CMI"),[2] the presumption-of-abuse test depends on the allowed deductions under §707(b)(2)(A)(ii)-(iv). The presumption-of-abuse test is a statutory formula which does not require a debtor to prove her actual circumstances. The statute begins,

> The debtor's monthly expenses shall be the debtor's applicable monthly expense amounts specified under the National Standards and Local Standards, and the debtor's actual monthly expenses for the categories specified as Other Necessary Expenses issued by the Internal Revenue Service for the area in which the debtor resides, as in effect on the date of the order for relief, for the debtor, the dependents of the debtor, and the spouse of the debtor in a joint case, if the spouse is not otherwise a dependent.

---

[2] 11 U.S.C. §101(10A).

-2-

07.10.02 Thomas.wpd

Case 06-21108    Doc# 28    Filed 10/02/07    Page 2 of 7

The National and Local Standards are drawn from the Internal Revenue Service's Financial Analysis Handbook used in determining a taxpayer's ability to pay delinquent taxes. The Local Standards provide allowances for housing and transportation expenses. For transportation expenses, the Local Standards provide an operating allowance and an ownership allowance for up to two vehicles. The issue in this case is whether debtors without any monthly vehicle payment may still deduct the ownership cost of two vehicles under §707(b)(2)(A)(ii)(I).

Case law is divided. Some courts hold a debtor may not claim an ownership allowance if the debtor's vehicle is debt free.[3] Most of these courts rely on the Internal Revenue Manual in determining the "applicable" expense amounts. For example, if the debtor does not have a car payment expense, then the vehicle ownership allowance does not apply. Other courts hold the ownership deduction is allowed regardless of whether the vehicle owned is debt free.[4] These courts find the amounts specified in the National and Local Standards are fixed allowances rather than a cap on the expenses the debtor actually has.

This Court agrees with the latter line of cases and finds the plain meaning of §707(b)(2)(A)(ii)(I) gives above-median income debtors a fixed ownership deduction regardless of whether they have an actual vehicle payment expense. The Internal Revenue Manual is not incorporated into the statute, and the statute makes no reference to a cap on the National and Local Standards expenses. In fact, debtors with a car payment less than the standard ownership allowance in effect are permitted to take the higher standard deduction. If debtors with an actual debt payment less than the standard deduction may take the higher standard deduction, it follows

---

[3] *In re Skaggs,* 349 B.R. 594 (Bankr. E.D. Mo. 2006); *In re Harris*, 353 B.R. 304 (Bankr. E. D. Okla. 2006); *In re Barraza*, 346 B.R. 724 (Bankr. N.D. Tex. 2006).

[4] *In re Fowler,* 349 B.R. 414 (Bankr. D. Del. 2006); *In re Prince*, slip copy, 2006 WL 3501281 (Bankr. M.D. N.C. 2006); *In re Hartwick*, 352 B.R. 867 (Bankr. D. Minn. 2006).

-3-

07.10.02 Thomas.wpd

that debtors with a $0 debt payment may likewise take the higher deduction. For the foregoing reasons and for the reasons more fully discussed in *Prince, Fowler,* and *Hartwick*, Debtors are entitled to take the ownership deduction for their two vehicles for purposes of the presumption-of-abuse test.

**The Totality-of-the-Circumstances Test**

The UST also seeks dismissal under §707(b)(3)'s totality-of-the-circumstances test. BAPCPA lowered the standard for finding cause to dismiss a debtor's Chapter 7 case from "substantial abuse" to "abuse"; however, courts still apply pre-BAPCPA factors in analyzing the totality of the circumstances. A non-exhaustive list of factors adopted by the Tenth Circuit includes: (1) whether the debtor enjoys a stable income; (2) whether the debtor is eligible for Chapter 13 relief; (3) whether the debtor suffered a sudden calamity precipitating the bankruptcy filing; (4) whether the debtor made prepetition purchases far in excess of his ability to repay; (5) whether the debtor's expenses are excessive; (6) whether the debtor's schedules are accurate; and (7) whether the debtor has demonstrated good faith.[5] The debtor's ability to pay was another pre-BAPCPA factor and continues to be relevant under 11 U.S.C. §707(b)(3).[6] However, this Court has already expressed its hesitation to assign much weight to Schedules I and J as three- to five-year projections of the debtor's income and expenses.[7] Although the accuracy of Schedules I and J are sworn to under oath by debtors, use of these Schedules to establish accurately a debtor's future ability to pay creditors is an elusive task. Regardless, the presumption-of-abuse test is not the sole method to find abuse based on ability to pay. Just because debtors pass the

---

[5] *In re Stewart*, 175 F.3d 796, 809 (10th Cir. 1999).
[6] *In re Schoen,* slip copy, 2007 WL 643295 (Bankr. D. Kan. March 2, 2007) (The means test under §707(b)(2) does not preclude considering a debtor's ability to pay under §707(b)(3)(B)).
[7] *See In re Moore*, 367 B.R. 721, 725-26 (Bankr. D. Kan. 2007).

-4-

presumption-of-abuse test based on a statutory threshold formula does not mean their actual circumstances cannot demonstrate abuse under the totality-of-the-circumstances test. To determine whether a case should be dismissed under the totality of the circumstances, the Court considers all the circumstances of a debtor's financial situation, including the debtor's actual ability to pay unsecured creditors in a Chapter 13 plan.[8]

    The UST notes Debtors' Schedules I and J demonstrate an ability to pay unsecured creditors because Debtors report $977.05 in monthly net income on Schedule J. However, for above-median income debtors in a Chapter 13, it is §1325(b), not Schedules I and J, that determine what amount, if any, debtors must commit to unsecured creditors.[9] In Chapter 13, debtors' Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income ("Form B22C") reports monthly disposable income to be committed to unsecured debt. The UST has removed the standard vehicle ownership allowance. However, because §707(b)(2)(A)(ii)(I) is incorporated into §1325(b)(3), Debtors would still be entitled to the vehicle deductions in a Chapter 13. Debtors do not need to have an actual vehicle ownership expense to take the deduction. An above-median income debtor is entitled to deduct the standard vehicle expense for which he qualifies, based on his household size and the locality in which he lives, as the "applicable" vehicle expense. The use of the term "applicable" in §707(b)(2)(A)(ii)(I), which allows the debtor to deduct "applicable monthly expense amounts specified under the National and Local Standards," contrasted with the term "actual," as used later in the same statute allowing deductions for particular line-item expenses, distinguishes the

---

[8] *Schoen*, 2007 WL 643295, at *3.
[9] *In re Puetz,*– B.R. –, 2007 WL 1805482, at *2 (Bankr. D. Kan. 2007).

former expenses as fixed allowances and the latter expenses as conditional allowances - the condition being the debtor actually has the expense. For National and Local Standards deductions, the result is the same in both Chapter 7 and Chapter 13 because §1325(b)(3) directs "[a]mounts reasonably necessary to be expended . . . *shall* be determined in accordance with subparagraphs (A) and (B) of section 707(b)(2)" for above-median income debtors. (Emphasis added).

In this case, Debtors' Form B22C in Chapter 13 may be the same as Debtors' Form B22A in Chapter 7. Debtors report $33.50 in monthly disposable income on Form B22A. This is presumptively the amount available to fund a Chapter 13 plan and not the $977.05 in monthly net income found on Schedule J. The UST's position under §707(b)(3) is dependent on the removal of the vehicle ownership deductions. However, the vehicle ownership deductions would be available to Debtors in Chapter 13.[10] The Court does not find the lack of a car payment a special circumstance justifying adjustment to Debtors' expenses. Unlike other expenses, the means test treats National and Local Standards as fixed allowances. Allowing the Debtors to claim the fixed ownership expense is logical and reflects the reality that a debt-free car may need replacement during the course of the five-year plan.[11] Accordingly, the UST has failed to demonstrate the Debtors' filing is abusive based upon their alleged ability to fund a Chapter 13 plan and pay unsecured creditors at the rate of $33.50 per month.

**Conclusion**

---

[10] *In re Sawdy,* 362 B.R. 898 (Bankr. E.D. Wis. 2007).
[11] *In re Zaporski,* 366 B.R. 758, 767 (Bankr. E.D. Mich. 2007).

07.10.02 Thomas.wpd

<ოFor the foregoing reasons, the United States Trustee's Motion to Dismiss based upon 11 U.S.C. §707(b)(2) and (3) is DENIED.

IT IS SO ORDERED.

###

ROBERT D. BERGER
U.S. BANKRUPTCY JUDGE
DISTRICT OF KANSAS